FILED
2022 Feb-07  AM 08:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **COREY THOMAS, on** ) | |
| **behalf of himself and those similarly** ) | |
| **situated as described below,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO.:** |
| ) | |
| **THE TOWN OF BROOKSIDE,** ) | |
| **ALABAMA, a municipal corporation** ) | |
| ) | |
| **Defendant.** ) | |

## CLASS ACTION COMPLAINT

Plaintiff Corey Thomas ("Plaintiff" or "Mr. Thomas"), on behalf of himself and a putative class of similarly situated individuals, states the following as his Complaint against Town of Brookside ("Brookside" or "The Town"), Alabama:

## I. PARTIES

1.      Corey Thomas is over the age of nineteen (19), and is a resident of Shelby County, Alabama.

2.      Defendant the Town of Brookside, Alabama, is a municipal corporation organized under the laws of the State of Alabama, and subject to suit.

## II. JURISDICTION AND VENUE

3.      This Court has jurisdiction over this case under 28 U.S.C. § 1331, Federal Question jurisdiction, because the case is a civil rights lawsuit brought

pursuant to 42 U.S.C. § 1983, for violation of the Due Process clause of the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution. The Court further has supplemental jurisdiction over Plaintiff's state law conversion claim pursuant to 28 U.S.C. § 1367 because his conversion claim is substantially related to his federal claims.

4.    Part of the relief requested herein is an injunction enjoining unconstitutional state action. The law allows a § 1983 action to go forward against a state action to enjoin unconstitutional activity.

5.    Actions brought under 42 U.S.C. § 1983 to enjoin state courts are not prohibited by the anti-injunction statute, 28 U.S.C. § 2283, because they are an "expressly authorized" exception to the ban on federal injunction of state court proceedings. Mitcham v. Foster, 497 U.S. 225 (1972).

6.    The Complaint also states a damages claim against the Town of Brookside under 42 U.S.C. § 1983 for its violations of Mr. Thomas' constitutional rights and of the class stated herein as well as for its conversion of his property.

### III. FACTS OF THE CASE

7.    The small Town of Brookside, Alabama is located along Interstate 22 in north Jefferson County, Alabama. The population of Brookside is approximately 1,253.

8.      Despite its small population, Brookside has a prolific police department that is well-known for shaking down Brookside residents and those who pass through Brookside for excessive fines, penalties and municipal court costs.

9.      Brookside is currently under scrutiny from the Alabama Attorney General's office and the Jefferson County Sheriff's Department for its egregious practices.

10.     Brookside's ticketing and property confiscation practices generate revenue that supports its general fund, police department and municipal court, a practice colloquially known as "policing for profit" or "taxation by citation."

11.     Due to the intense scrutiny the Town has recently been confronted with, its police Chief, Mike Jones, and his second in charge have separated from the police department.

12.     Corey Thomas is a resident of Shelby County, Alabama.

13.     On or about December 19, 2020, Mr. Thomas was driving his recently-purchased Ducati motorcycle westbound on Interstate 22 in Jefferson County, Alabama.

14.     Since Mr. Thomas had recently purchased the motorcycle, he had not yet obtained a license plate for the vehicle.

15.     As he was lawfully operating his motorcycle, Mr. Thomas was pulled over by a Brookside police officer, identified in the Alabama Uniform Traffic Ticket and Complaint only as "Agent MM."

16.     As Agent MM pulled up next to Mr. Thomas, Mr. Thomas indicated by hand gesture that he was pulling over on the upcoming offramp.

17.     Before Mr. Thomas could pull over as indicated, Agent MM veered in front of him and abruptly stopped, causing Mr. Thomas and his passenger to be thrown from the motorcycle.   Mr. Thomas' motorcycle was totaled, and his passenger was taken to the hospital for treatment of her injuries.

18.     Although Mr. Thomas did not violate any state law or municipal ordinance, Mr. Thomas was arrested and wrongfully charged with several misdemeanor crimes, including second degree criminal mischief, reckless driving, carrying a concealed weapon, reckless endangerment and third-degree assault.

19.     In addition to causing Mr. Thomas to crash his motorcycle, Brookside confiscated his passenger's pistol, for which she had a valid carry permit[1]. Brookside also confiscated Mr. Thomas' cellphone, which he later located at the home of the arresting officer by using Apple's "Find my iPhone" feature.

---

[1] Mr. Thomas was wrongfully charged with having a concealed weapon, although the weapon was in his passenger's backpack and she had a valid permit for the weapon.

20.    Mr. Thomas was thereafter released, but the Town refused to release his property to him.

21.    Following the accident, Mr. Thomas' property insurer sought to evaluate the damage to the motorcycle.

22.    Brookside refused to allow Mr. Thomas' insurer to inspect the motorcycle and instead contacted and turned the motorcycle over to the lienholder of the motorcycle, without notice to Mr. Thomas.

23.    As a result of Brookside's refusal to allow Mr. Thomas' insurer to inspect the damaged motorcycle, his insurer refused coverage for the motorcycle.

24.    Therefore, Mr. Thomas was left owing on the motorcycle despite being deprived of the motorcycle.  Among other things, Brookside's actions have adversely affected Mr. Thomas' credit rating.

25.    In over a year since his arrest, Mr. Thomas has neither pled guilty, nor been convicted, of the charges brought against him by Brookside.

26.    Brookside's conduct violated the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution and further amounts to common law conversion of Mr. Thomas' property.

## IV.  **CLASS ALLEGATIONS**

27.    <u>Class Definition</u>:  Pursuant to Fed.R.Civ.P. 23(a), (b)(1), and (b)(2),

Plaintiff brings this action on behalf of himself and all others similarly situated, as

members of the proposed Plaintiff Class.  That class is:

> All persons who have been denied access to, or had their
> property confiscated and retained by, the Town of
> Brookside, Alabama, when they have not been convicted
> of a misdemeanor or felony and/or all persons who have
> been charged excessive fines and court costs related to
> traffics stops or arrests by the Town of Brookside.

28.    <u>Numerosity</u>: The members of each class and subclass are so numerous

that their individual joinder would be impracticable in that: (a) the Class includes at

least hundreds of individual members; (b) the precise number of Class members and

their identities are unknown to Plaintiffs, but are available through public records,

and can easily be determined through discovery; (c) it would be impractical and a

waste of judicial resources for each of the at least hundreds of individual class

members to be individually represented in separate actions; and (d) it is not

economically feasible for those class members to file individual actions.

29.    <u>Commonality/Predominance:</u>  Common questions of law and fact

predominate over any questions affecting only individual class members. These

common legal and factual questions include, but are not limited to, the following:

> a.    Whether <u>ex parte</u> seizures and retention of personal
> property in the absence of a criminal conviction, are
> violations of the Fourth Amendment and the Due

Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

b.    Whether <u>ex parte</u> seizures and retention of personal property following misdemeanor charges is a violation of the Eighth Amendment to the United States Constitution.

c.    Whether <u>ex parte</u> seizures and retention of personal property following traffic stops and arrests amounts to common law conversion when the purported defendant is released from custody and not convicted of a crime.

30.    <u>Typicality</u>:  Plaintiff is typical of the claims of the class members. Plaintiff and all class members have been injured by the same wrongful practices. Plaintiff's claim arises out of the same practices and course of conduct that give rise to the claims of the class and are based on the same legal theories for the class.

31.    <u>Adequacy</u>:  Plaintiff will fully and adequately assert and protect the interests of the class.  Plaintiff has counsel experienced in class actions and complex mass tort litigation.   Neither Plaintiff nor counsel have interests contrary to or conflicting with the interests of the class or subclasses.

32.    <u>Superiority</u>: A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims by each of the class members is economically unfeasible and impractical. While the aggregate amount of the damages suffered by the class is large, the individual damage suffered by each, in many cases is too small to warrant the

expense of individual lawsuits.  The court system would be unreasonably burdened by the number of cases that would be filed it as a class action if not certified.

33.    Plaintiff does not anticipate any difficulties in the management of this litigation management of this litigation.

34.    The State and its local law enforcement agents have acted on grounds generally noticeable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole proper.

## <u>COUNT I</u>
**(Claim Against the Town of Brookside that the seizure and retention of property without a criminal conviction Violates the Fourth Amendment and the Due Process Clauses of the Fifth and Fourteenth Amendment)**

35.    Plaintiff incorporates by reference, as if fully set forth herein, paragraphs 1-34 above.

36.    This claim is brought pursuant to 42 U.S.C. § 1983, which gives persons deprived of Constitutional rights by one acting under color of state law the right to bring a civil action to vindicate those rights.

37.    If the Town of Brookside seizes property incident to an arrest, a prompt post-seizure hearing is due.  Moreover, the Town of Brookside cannot retain property without allowing the arrested party an opportunity to recover said property.

38.    After seizing or restraining property, Brookside has failed to provide Plaintiff and the Class with a prompt hearing at which they would be able to

challenge, before a neutral arbiter, the basis for the seizure, and/or indefinite retention of their property.

39.     For all practical purposes, Brookside confiscates and retains citizens' property without just cause to do so or an opportunity for those accused to recover their property.

40.     This action continues, and will continue, unless this Court grants the relief requested.

41.     Brookside has a policy and practice of seizing property indefinitely when it knows, or should know, that there is no meaningful opportunity to contest the retention of the property at a meaningful time and/or the underlying charges will not result in a conviction or guilty plea.

42.     In addition to seizing personal property such as vehicles, weapons and cash, the Town levies excessive and unwarranted fees in the form of traffic tickets and punitive court costs.  In essence, Brookside uses illegal penalties and fees to bolster and support the Town's general fund, police department and municipal court. There is no reasonable relationship between the Town's actions and the protection of its citizens or the public at large.

43.     The process afforded criminal defendants by Brookside does not provide a meaningful means to contest the deprivation of property pendente lite at a meaningful time.  This lack of process violates the Fourth, Fifth, and Fourteenth

Amendments to the Constitution.  As evidenced by this case, criminal prosecution can take more than one year.  And even if Mr. Thomas were convicted of the misdemeanors with which he is charged, there is no reasonable basis for Brookside to retain or dispose of his property or prevent his insurer from inspecting the damage thereto.

44.    As a direct and proximate result of the actions of Brookside, Plaintiff and the putative Class have suffered irreparable harm to their constitutional rights under the Fourth, Fifth, and Fourteenth Amendments, including being deprived of their property without notice or an opportunity to be heard.

45.    Declaratory and injunctive relief is necessary.  Without appropriate declaratory and injunctive relief, Brookside's unconstitutional policies and practices will continue.

### COUNT II
### (Violation of the 8th Amendment's Prohibition Against Excessive Fines)

46.    Plaintiff incorporates by reference, as if fully set forth herein, paragraphs 1-45 above.

47.    This claim is brought pursuant to 42 U.S.C. § 1983, which gives persons deprived of constitutional rights by one acting under color of state law the right to bring a civil action to undercut those rights.

48.    Mr. Thomas was arrested and charged with five (5) misdemeanors, which, by definition, carry a penalty of no more than one (1) year of confinement.

49.    After arresting Mr. Thomas, Brookside detained, retained, and ultimately disposed of his motorcycle without his consent.

50.    Mr. Thomas had comprehensive insurance coverage on the motorcycle, which at the time of the subject accident had a value of some $30,000.

51.    By refusing to allow Mr. Thomas' insurer to inspect the motorcycle and adjust Mr. Thomas' claim, Brookside caused Mr. Thomas' coverage to be denied, thereby depriving him of substantial insurance proceeds and leaving him owing on a vehicle to which he did not have possession.

52.    More than one year after his arrest, Mr. Thomas has not been convicted of any criminal conduct.

53.    Even if Mr. Thomas had been convicted of the misdemeanors with which he was charged, the maximum allowable monetary penalty for a Class A misdemeanor is $6,000. See Ala. Code § 13A-5-12 (1975).  Therefore, Brookside's conduct in detaining and disposing of his valuable property was tantamount to an unconstitutional excessive fine.

54.    Declaratory and injunctive relief, as outlined below, is necessary to remedy the seizure of Plaintiff and Plaintiff Class's property.  Without appropriate

declaratory and injunctive relief, Brookside's unconstitutional practice with continue.

WHEREFORE, Plaintiffs demand compensatory and punitive damages against the Town of Brookside, Alabama.

## COUNT III
## (Conversion)

55.     Plaintiff incorporates by reference, as if fully set forth herein, paragraphs 1 - 47 above.

56.     Following Mr. Thomas' arrest on December 19, 2020, the Town of Brookside impounded Mr. Thomas' Ducati motorcycle.

57.     Even after Mr. Thomas was released from custody by Brookside, the Town refused to release Mr. Thomas' motorcycle to him.  In fact, Mr. Thomas was advised he would never see his property again.

58.     Brookside continued to retain Mr. Thomas' property against his wishes and refused to release the motorcycle.

59.     Moreover, when Mr. Thomas' insurer sought to inspect the motorcycle to adjust his claim, the Town refused to allow it to inspect, thus resulting in the denial of coverage.

60.     Rather than release the motorcycle to Mr. Thomas, the Town wrongfully released the motorcycle to the lienholder without Mr. Thomas' consent.

61.     Brookside's actions in taking and detaining Mr. Thomas' motorcycle

constituted an illegal assumption of ownership and illegal exercise of dominion over Mr. Thomas' property in exclusion or defiance of Mr. Thomas' rights when Mr. Thomas had an immediate right to possession of the motorcycle following his release from custody.  Such actions constitute the common law tort of conversion.

62.     Brookside's conversion of Mr. Thomas' property proximately caused damages to Mr. Thomas.

63.     Brookside's actions with respect to Mr. Thomas' motorcycle are in keeping with the Town's pattern and practice of wrongfully taking, retaining and otherwise exercising dominion over the property of those individuals it searches during traffic stops and/or arrests.

64.     Declaratory and injunctive relief, as outlined below, is necessary to remedy the seizure and retention of Plaintiff and Plaintiff Class's property.  Without appropriate declaratory and injunctive relief, Brookside's unconstitutional practices with continue.

WHEREFORE, Plaintiffs demand compensatory and punitive damages against the Town of Brookside, Alabama.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests, on behalf of himself and all others similarly situated, the following relief:

> 1.     An order certifying this action as a class action under Fed.R.Civ.P. 23(b)(2);

2.      Entry of judgment declaring the following unconstitutional under the Fourth Amendment and Due Process Clauses of the Fifth and Fourteenth Amendments: The Town of Brookside's policy and practice of failing to provide adequate and prompt post- deprivation hearings to individuals whose property has been seized and retained; and The Town of Brookside's policy and practice of retaining individuals' personal property following an arrest prior to a guilty plea or conviction of said individual.

3.      For entry of judgment declaring the Town of Brookside liable for the above-described unconstitutional practices and policies.

4.      For entry of preliminary and permanent injunctions prohibiting the Town of Brookside from engaging in the above-described policies and practices.

5.      For entry of judgment requiring the Town of Brookside to:

      a.      Immediately institute hearings in all cases where property has been seized for the purpose of determining whether the Town has probable cause to retain property seized due to a likelihood it was used in a crime.

      b.      Immediately institute hearings in each case where property has been seized for the purpose of determining what is a reasonable security for the Town to retain seized property.

      c.      Immediately institute hearings in each case where property has been seized for the purpose of determining whether the Town has good cause to retain the property after the defendant has been released from custody.

6.      An award of compensatory and punitive damages to Plaintiff and plaintiff class against the Town of Brookside, Alabama for its violations of 42 U.S.C. § 1983.

7.      An award of attorneys' fees, costs, and expenses of this action pursuant to 42 U.S.C. §1988(b).

8.     For such other and further relief as the Court deems appropriate.

## **JURY DEMAND**

Plaintiff demands a trial by struck jury on all issues so triable.

/s/ J. Mark White
J. Mark White
H. Eli Lightner II
Attorneys for Plaintiff

**OF COUNSEL**
WHITE ARNOLD & DOWD PC
2025 Third Avenue North
Birmingham, Alabama 35203
Email: mwhite@whitearnolddowd.com
        elightner@whitearnolddowd.com

/s/ Brian M. Clark
Brian M. Clark
Attorney for Plaintiff

**OF COUNSEL**
WIGGINS, CHILDS, PANTAZIS,
FISHER, & GOLDFARB, LLC
The Kress Building
301 Nineteenth Street North
Birmingham, Alabama 35203
Telephone: (205) 314-0530
Facsimile: (205) 254-1500
Email:  bclark@wigginschilds.com

/s/ Allan Armstrong
Allan Armstrong

Attorney for Plaintiff

**OF COUNSEL**
ARMSTRONG LAW CENTER, LLC
The Berry Building
2820 Columbiana Road
Vestavia Hills, Alabama  35216
Birmingham, Alabama 35203
Email:  armstrong.atty@gmail.com

/s/ Darrell Cartwright
Darrell Cartwright
Attorney for Plaintiff

**OF COUNSEL**
CARTWRIGHT LAW CENTER
Post Office Box 383204
Birmingham, Alabama  35238
Email:  dcartwright@gmail.com

/s/ Bill Baxley
Attorney for Plaintiff

**OF COUNSEL**
BAXLEY JACKSON LAW FIRM
300 Vestavia Parkway, Ste. 3200
Vestavia Hills, Alabama 35216
Email: bill@baxleyjackson.com

**PLEASE SERVE DEFENDANT VIA CERTIFIED MAIL AT:**
Town of Brookside, Alabama
2711 Municipal Drive
Brookside, Alabama 35036