IN THE UNITED STATES DISTRICT COURTT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| COREY THOMAS, *et al.*, | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| v. | ] | CIVIL ACTION NUMBER: |
| | ] | 2:22-cv-00157-SGC |
| TOWN OF BROOKSIDE, *et al.*, | ] | |
| | ] | |
| Defendants. | ] | ***Opposed*** |

## MOTION TO SUSPEND RULE 26 OBLIGATIONS

COMES NOW, the Defendant, the Town of Brookside, and moves this Court to suspend any obligations pursuant to Fed. R. Civ. P. 16 and 26, and/or pursuant to the Court's prior Order [Doc. 12], averring as follows:

1. The undersigned counsel for the Town of Brookside has conferred with counsel for the Plaintiffs, who ***oppose*** the relief requested herein.

2. Plaintiff Corey Thomas filed his original Complaint against the Town of Brookside [Doc. 1] on February 7, 2022.

3. The Town moved for dismissal of the Complaint on March 3, 2022. [Doc. 10].

4. The Court entered an Order, on March 4, 2022, that the parties conduct a planning meeting pursuant to Fed. R. Civ. P. 26 within 21 days of the Court's Order. [Doc. 12].

5. The Plaintiff filed an Amended Complaint [Doc. 14] on March 16, 2022, which added an addition seven (7) plaintiffs and an additional 25 Defendants, 24 of which are allegedly former police officers for the Town of Brookside, and the other is Jett's Towing, Inc.

6. Like the original, the Amended Complaint asserts class action allegations.

7. Based on records retrievable via the Pacer system, none of the newly added 25 Defendants have yet been served with a copy of a Summons and the Amended Complaint.

8. Given the large addition of new Defendants, conducting a discovery planning conference without an appearance having been made on behalf of 25 parties to the action would seem to be premature, especially considering the complexities involved in litigating a class action.

9. Moreover, the Town intends to file a motion to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 8(a), 12(b) and other grounds, which would potentially eliminate any need for the parties to conduct discovery.

10. "The Eleventh Circuit has held that '[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins.'" *Claiborne v. Jp Morgan Chase Bank*, 2021 U.S. Dist. LEXIS 253566, *22 (N.D. Ga.

Aug. 13, 2021) (quoting *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997)).

WHEREFORE, the foregoing premises considered, the Defendant Town of Brookside would respectfully ask this Court to SUSPEND the Parties' obligations, including, but not necessarily limited to, participating in a Rule 26 Conference until after such time as the Court has ruled on the Town's forthcoming motion to dismiss.

/s/ R. Warren Kinney
James W. Porter II
Richard Warren Kinney, III

OF COUNSEL:

**Porter, Porter & Hassinger, P.C.**
880 Montclair Road, Suite 175
Birmingham, Alabama 35213
jwporterii@pphlaw.net
wkinney@pphlaw.net

## CERTIFICATE OF SERVICE

I certify that a copy of the above and foregoing has been *electronically filed* with the Clerk of the Court using the CM/ECF filing system which will send notification of such filing upon the following parties. For any party not served by CM/ECF, a copy will be sent via electronic mail and/or by the U.S. Mail on this the 22nd day of March 2022.

J. Mark White, Esq.
Laura S. Gibson, Esq.
Hope S. Marshall, Esq.
**WHITE ARNOLD & DOWD PC**
mwhite@whitearnolddowd.com
lgibson@whitearnolddowd.com
hmarshall@whitearnolddowd.com

Brian M. Clark, Esq.
**WIGGINS, CHILDS, PANTAZIS, FISHER & GOLDFARB, LLC**
bclark@wigginschilds.com

Allan L. Armstrong, Esq.
**ARMSTRONG LAW CENTER, LLC**
armstrong.atty@gmail.com

Darrell L. Cartwright, Esq.
**CARTWRIGHT LAW CENTER**
dcartwright@gmail.com

William J. Baxley, Esq.
**BAXLEY JACKSON LAW FIRM**
bill@baxleyjackson.com

            /s/ R. Warren Kinney
            OF COUNSEL