### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| SEAN WATTSON;<br>BRITTANY TODD;<br>ZACKERY HARRIS; ANGELA<br>CRAWFORD; DANIEL<br>KILGORE; SEAN JONES and;<br>DARREN LeCROY on behalf<br>Of themselves and those similarly<br>Situated as described below,<br><br>    **Plaintiffs,**<br><br>v.<br><br>THE TOWN OF BROOKSIDE,<br>ALABAMA, a municipal<br>corporation; and JETT'S<br>TOWING, INC.;<br><br>    **Defendants.** | **CIVIL ACTION NO.:**<br>**2:21-cv-00649-AMM** |

### MOTION TO CERTIFY CLAIM FOR INTERLOCUTORY APPEAL

Plaintiffs, pursuant to Fed. R. Civ. P. 54(b), hereby request that this Court enter an Order determining that the portions of its May 12, 2023, Order, Doc. 40, listed below, are proper for interlocutory appeal, and that there is no just reason for delay. As grounds for this Motion, Plaintiffs state the following:

1. The Court's May 12, 2023 Order, Doc. 40, made rulings on Motions to Dismiss in two cases, Wattson v. Town of Brookside, Case No. 2:21-CV-649-AMM; and Thomas v. Town of Brookside, et. al.; Case No. 2:22-CV-157-AMM. Because the issues and parties overlapped, the Court entered one Order covering both cases, and then granted a Motion to Consolidate, Doc. 29, the two cases.

2. On May 12, 2023, the Court entered an Order dismissing several claims made by Plaintiffs in this case, Doc. 40. However, that Order disposed of fewer than all claims of all parties.

3. Ordinarily, an Order adjudicating fewer than all claims between all parties is not a final judgement from which an appeal may be taken. Edwards v. Prime, Inc. 602 F. 3d 1276, 1288 (11th Cir. 2010). However, Fed. R. Civ. P. 54(h) allows for an immediate appeal if the district court certifies that the Order is a final judgement for the purposes of appeal and expressly determines that there is no just reason for delay. Pearson v. Doe, 2021 U.S. Dist. Lexis 248986 (N.D. Ga. Dec. 6, 2021).

4. In this case, the following particular Orders in the Court's May 12, 2023, are proper for such certification.

   a. The Court's Order dismissing the claims against the Individual Officer Defendants as to the Eighth Amendment Claims in Count V of the Second Amended Complaint in the Thomas Case. Doc. 36.

   b. The Court's Order dismissing the Racketeer Influenced and Corrupt Organization ("RICO") Act claims against the Individual Officer Defendants in Count VI of the Thomas Complaint. Doc. 36.

The Eighth Amendment and RICO claims against the Town of Brookside and Jett's Towing, Inc. ("Jett's" or "Jett's Towing"), respectively, have been re-pled, per the Court's Order, in the Consolidated Amended Class Action Complaint in the consolidated action, Doc. 41, as counts I and II.

5. The above referenced Orders of the Court are proper for interlocutory appeal because they are Orders affecting the Individual Officer Defendants, who have been dismissed from the case entirely. The above referenced Orders, however, are claims that will go forward on

the substance against other entities; namely the Town of Brookside in the case of the Eighth Amendment claims, and Jett's Towing in the case of the RICO Claims.

6. This request does not cover the dismissal of the other constitutional claims against the Town as they are largely intertwined within the claims that are going forward. Discovery proceedings through trial will no doubt cover arrest records and consist of depositions that would have related to the constitutional claims that have been dismissed. The dismissed claims against the Individual Officer Defendants, however, are separable.

7. "A district court must follow a two-step analysis in determining whether a partial final judgement may properly be certified under Rule 54(b). First, the Court must determine that the judgement is…both 'final' and a 'judgment.'" Lloyd Nolan Foundation, Inc. v. Tenet Health Care Corp., 483 F. 3d 773, 777 (11th Cir. 2007), cited in Pearson, Supra.

8. A court's decision is "final" if it disposes entirely of a separable claim or dismisses a party entirely. Lloyd Nolan, Supra, citing In re Se Banking Corp., 69 F. 3d 1539, 1547 (11th Cir. 1995). In this case, the Court's Order dismisses the claims against the Individual Officer Defendants in their entirety. It is final as to all claims against the Individual Officer Defendants. [1]

9. There is no just reason for delay. The claims against the Individual Officer Defendants on the claims otherwise going forward are separable. However, waiting until the conclusion of the case would add unnecessary delay, and not save any judicial resources. As to the RICO claim, the Court has held that a claim has been stated as to Jett's Towing, and recognized that to state a RICO claim an "enterprise" must be pled "where a group of persons associates, formally or informally, with the purposed of conducting illegal activity." Doc. 40, 37, citing

---

[1] The Individual Officer Defendants also were subject to claims under the Fourteenth Amendment (Count II); and the Fourth and Fifth Amendments (Count III). Doc. 36. However, because those claims were also dismissed as to all other Defendants, the underlying substantive issues can all be appealed at one time, at the end of the District Court's proceedings.

Jackson v. Bellsouth Telecomms., 372 F. 3d 1250, 1264 (11th Cir. 2004). Discovery and trial on that question will, ultimately, require the participation of the Individual Defendant Officers. Who are the "other side" of the Jett's Towing RICO conspiracy claims that are going forward. If the claims are going forward, a delay would create a "round two" of this case.

10. In addition to the necessity to take discovery from, and proceed to trial with evidence taken from the Individual Officer Defendants as the "other side" of the RICO conspiracy claims, the Individual Officer Defendants are the parties who carried out the actions in creating the towing charge made the subject of the Eighth Amendment claims. The Town can only act through its agents, and those agents are the Individual Officer Defendants. An appeal of the claims under Courts V and VI in the Thomas Case against the Individual Officer Defendants will have no effect on the ongoing litigation. Those parties are going to be witnesses anyway, and the underlying substantive issue, at least at the Motion to Dismiss stage, has been decided. An appeal as to the Individual Officer Defendants on the Eighth Amendment and RICO claims will not interfere with or concern whether the underlying conduct, if proven, violates the Eighth Amendment, or constitutes the predicate act of extortion under the Hobbs Act, 18 U.S.C. § 1951. The Court has already determined that it does. As such, there is no just reason for delay of an appeal of the question of whether the "other side" of those conspiracy counts, could be held liable based on the underlying Hobbs Act violations.

**WHEREFORE**, for the reasons stated herein, Plaintiffs request that it Order dismissing Counts V and VI of the Thomas Complaint, Doc. 36, as to the Individual Officer Defendants be certified under Fed. R. Cir. P. 54(b) as final, and that there is no just reason for delay of the right to appeal those Orders.

/s/ Brian M. Clark
Brian M. Clark

4

                                                      Attorney for Plaintiffs

**OF COUNSEL**
WIGGINS CHILDS PANTAZIS
FISHER GOLDFARB, LLC
The Kress Building
301 Nineteenth Street North
Birmingham, Alabama 35203
Telephone: (205) 314-0530
Facsimile: (205) 254-1500
Email:  bclark@wigginschilds.com

                                                      /s/ J. Mark White
                                                      J. Mark White
                                                      Attorney for Plaintiffs

**OF COUNSEL**
WHITE ARNOLD & DOWD PC
2025 Third Avenue North
Birmingham, Alabama 35203
Email: mwhite@whitearnolddowd.com

                                                      /s/ Allan Armstrong
                                                      Allan Armstrong
                                                      Attorney for Plaintiffs

**OF COUNSEL**
ARMSTRONG LAW CENTER, LLC
The Berry Building
2820 Columbiana Road
Vestavia Hills, Alabama  35216
Birmingham, Alabama 35203
Email:  armstrong.atty@gmail.com

                                                      /s/ Darrell Cartwright
                                                      Darrell Cartwright
                                                      Attorney for Plaintiffs

**OF COUNSEL**
CARTWRIGHT LAW CENTER
Post Office Box 383204
Birmingham, Alabama  35238
Email:  dcartwright@gmail.com

                /s/ Bill Baxley  
                Attorney for Plaintiffs

**OF COUNSEL**  
BAXLEY JACKSON LAW FIRM  
300 Vestavia Parkway, Ste. 3200  
Vestavia Hills, Alabama 35216  
Email: bill@baxleyjackson.com

### CERTIFICATE OF SERVICE

I certify that on the 8th day of June 2023, the foregoing document was served via email on all counsel of record:

wkinney@pphlaw.net

thale@halesides.com

                /s/ Brian M. Clark  
                Of Counsel