FILED

2023 Jul-21  AM 09:35
U.S. DISTRICT COURT
N.D. OF ALABAMA



## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **SEAN WATTSON;** *et al.*, **individually and on behalf of the class,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **Case No.: 2:21-cv-649-AMM** |
| **TOWN OF BROOKSIDE, ALABAMA,** | ) ) ) | |
| **Defendant.** | ) | |

| | | |
|---|---|---|
| **COREY THOMAS;** *et al.*, **on behalf of himself and those similarly situated,** | ) ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **v.** | ) ) | **Case No.: 2:22-cv-157-AMM** |
| **TOWN OF BROOKSIDE, ALABAMA;** *et al.*, | ) ) ) | |
| **Defendants.** | ) | |

## <u>ORDER</u>

This case is before the court on a Motion to Certify Claim for Interlocutory

Appeal by the Plaintiffs in these consolidated actions, Doc. 42, and *sua sponte*

review of cases against Defendant Town of Brookside, Alabama ("the Town) and Defendant Jett's Towing, Inc., ("Jett's Towing").

When the court consolidated these two actions, the court instructed the parties to file all documents in the lead case, *Wattson*, and warned the parties: "The court will not consider documents filed in *Thomas*." Doc. 40 at 2. The Plaintiffs filed an identical Motion to Certify Claim for Interlocutory Appeal in the *Thomas* action. *See Thomas* Doc. 89. The Clerk of Court is **DIRECTED** to **ADMINISTRATIVELY TERMINATE** the motion filed in *Thomas*. *Compare id*., *with* Doc. 40 at 2.

For the reasons explained below, the Motion to Certify Claim for Interlocutory Appeal, Doc. 42, is **DENIED**. On review of the six cases pending before the undersigned against the Town and Jett's Towing,[1] the court finds that interests of justice, efficiency, and judicial administrative interests warrant coordination of pretrial proceedings on certain overlapping matters in three cases. Accordingly, the parties in these consolidated actions as well as the parties in *Coleman* are **ORDERED** to meet and confer regarding coordinating pretrial proceedings and are **DIRECTED** to submit a joint proposed scheduling order within **TWENTY-ONE (21) DAYS** of the issuance of this order.

---

[1] The other cases are *Harris v. Town of Brookside*, No. 2:21-cv-1341-AMM; *Coleman v. Town of Brookside*, No. 2:22-cv-423-AMM; *Ward v. Town of Brookside*, No. 2:23-cv-527-AMM; and *Pascal v. Town of Brookside*, No. 2:23-cv-344-AMM.

## I.    BACKGROUND

To the extent the court relies on factual allegations to decide the pending motion, these are the relevant facts alleged in the Consolidated Amended Class Action Complaint, Doc. 41:

The Town "is located along Interstate 22 in north Jefferson County, Alabama." *Id*. ¶ 12. Its "population . . . is approximately 1,253." *Id*. "Despite its small population, [the Town] has a prolific police department that is well known for using its police powers to 'shake down' [its] residents and those who pass through [the Town] for excessive fines, penalties and municipal court costs." *Id*. ¶ 13. The complaint alleges that the Town engaged in these alleged "shake down" efforts to "generate revenue t[o] supports its general fund, police department and municipal court." *Id*. ¶ 13–14.

The complaint alleges that Jett's Towing aided the Town in its alleged "shake down" efforts. *See*, *e.g.*, *id*. ¶¶ 13, 31, 37–40, 45, 52, 61–62, 72, 76, 86–114. The complaint alleges that the Town, "through its [p]olice [d]epartment[,] had an agreement with Jett's Towing whereby it[s officers] would call Jett's Towing on routine traffic stops." *Id*. ¶ 89. "The arrangement with Jett's Towing was for the purpose of extracting monies unconstitutionally, . . . because the impoundment of vehicles was not related to the purpose of the stops, *i.e.*, traffic violations, and was

excessive as disproportional to the fines for the actual offense charged." *Id.* ¶ 92 (emphasis added).

This alleged scheme "created revenue for Jett's [Towing] and the Town . . . such that those revenues would benefit the Town . . . through funding the bloated police department, its salaries, and its unnecessary equipment." *Id.* ¶ 96. "Between 2018 and 2020 the number of cars, towed and impounded by Brookside and . . . Jett's Towing[] went from 50 to 789 . . ." *Id.* ¶ 31. "By 2020, revenues from fines, fees, and forfeitures made up approximately 49% of Brookside's annual revenue." *Id.*

Before the court consolidated these actions, the *Thomas* Plaintiffs further alleged that individual officers employed by the Town's police department were part of this alleged scheme. *See generally Thomas* Doc. 63 ¶¶ 153–69, 182–203, 213–51 (Counts I, II, IV, V, VII, VIII, and XI); *see also* Doc. 40 at 10–13 (describing the claims alleged by the *Thomas* Plaintiffs). The court dismissed with prejudice all claims against the individual officers. *See generally* Doc. 40 at 36–37. The court then consolidated these actions and directed the Plaintiffs to file a consolidated class action complaint. *Id.* at 42–44; *see also* Doc. 41 (the Consolidated Amended Class Action Complaint).

The Plaintiffs moved this court to certify the court's order dismissing two claims against the individual officer defendants (Counts V and VI) as a final

4

judgment for appeal. *See* Doc. 42 at 2. The motion is fully briefed. *See* Doc. 42; Doc. 45; Doc. 46.

## II.   LEGAL STANDARD

"When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).   "As a prerequisite to Rule 54(b) certification, the district court must evaluate whether there is any just reason to delay the appeal of individual final judgments." *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997). "Recognizing that such circumstances will be encountered only rarely, [the Eleventh Circuit] ha[s] previously counseled district courts to exercise the limited discretion afforded by Rule 54(b) conservatively." *Id*. at 166; *see also In re Se. Banking Corp.*, 69 F.3d 1539, 1547 n.2 (11th Cir. 1995) ("Certification should not . . . be routinely granted . . . .").

## III.   ANALYSIS

### A. Motion To Certify Claim For Interlocutory Appeal

"To certify a case under Rule 54(b), the district court must follow a two-step analysis." *Regueiro v. Am. Airlines, Inc.*, No. 22-12538-DD, 2022 WL 18494920, at *1 (11th Cir. Dec. 2, 2022) (citing *Lloyd Noland Found., Inc. v. Tenet Health Care*

*Corp.*, 483 F.3d 773, 777 (11th Cir. 2007)). "First, the court must determine that its final judgment is, in fact, both final and a judgment." *Regueiro*, 2022 WL 18494920, at *1 (cleaned up). The individual officers do not concede that the Plaintiffs have carried their burden in establishing the first step, but they focus their arguments on the second step. *See* Doc. 45 at 2; *accord* Doc. 46 at 2.

The second step "requires the district court to balance judicial administrative interests and relevant equitable concerns." *Ebrahimi*, 114 F.3d at 165–66. "The purpose of considering relevant equitable concerns is to *limit* Rule 54(b) certification to instances in which immediate appeal would alleviate some particular danger of hardship or injustice associated with delay, not to *expand* the availability of Rule 54(b) to all parties with clean hands." *Regueiro*, 2022 WL 18494920, at *1 (cleaned up and emphasis in original). "Rule 54(b) certifications must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Ebrahimi*, 114 F.3d at 166 (cleaned up).

The Plaintiffs assert that "[t]here is no just reason for delay" because "waiting until the conclusion of the case would add unnecessary delay, and not save any judicial resources." Doc. 42 ¶ 9. The individual officers respond that this case does

not present the "extraordinary" circumstances which warrant Rule 54(b) certification. Doc. 45 at 4; *accord* Doc. 46 at 2. The court agrees.

*First*, "potential . . . delay, standing alone, is insufficient to warrant Rule 54(b) certification." *Regueiro*, 2022 WL 18494920, at *2. Accordingly, the Plaintiffs cannot obtain relief under Rule 54(b) based solely on "unnecessary delay" attributed to "waiting until the conclusion of the case." *Compare* Doc. 42 ¶ 9, *with Regueiro*, 2022 WL 18494920, at *2.

*Second*, when "the underlying facts of the adjudicated and unadjudicated claims are intertwined and premised on the same argument, [a] district court should . . . be[] hesitant to grant Rule 54(b) certification because it appears infinitely more likely that allowing" an "appeal to proceed will require a greater expenditure of judicial resources than taking one appeal after [all] claims are resolved." *Regueiro*, 2022 WL 18494920, at *2. The Eleventh Circuit cautions district courts that "allow[ing] separate appeals to proceed in [a] case" requires extensive appellate resources because "two three-judge panels would need to familiarize themselves with the underlying facts and law to address likely the same issue." *Id.*

Given the extensive factual and legal overlap between the remaining claims and the claims against the individual officers, *compare* Doc. 41, *with Thomas* Doc. 63, the court is hesitant to allow an appeal to proceed. The court is particularly

hesitant to do so when the Plaintiffs have already indicated their intent to appeal "at the end of the [d]istrict [c]ourt's proceedings." Doc. 42 at 3 n.1.

Ultimately, the Plaintiffs "have [not] pointed to any particular hardship from a delayed appeal, as required to warrant Rule 54(b) certification." *See Regueiro*, 2022 WL 18494920, at \*2. And for the reasons described *supra* at 7–8, judicial administrative interests weigh strongly against it. Accordingly, the Motion to Certify Claim for Interlocutory Appeal, Doc. 42, is **DENIED**.

### B. Coordination Of Pretrial Proceedings

The Federal Rules of Civil Procedure instruct the parties and this court "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. And "[i]f actions before the court involve a common question of law or fact, the court may: . . . issue any . . . orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a)(3).

There are six cases pending against the Town and Jett's Towing assigned to the undersigned. *See Wattson*, No. 2:21-cv-649-AMM; *Harris*, No. 2:21-cv-1341-AMM; *Thomas*, No. 2:22-cv-157-AMM; *Coleman*, No. 2:22-cv-423-AMM; *Ward*, No. 2:23-cv-527-AMM; *Pascal*, No. 2:23-cv-344-AMM. On review of the docket in this consolidated action and the docket in *Coleman*, the court finds that coordination of pretrial proceedings in these matters serve interests of justice, efficiency, and judicial administration. *See* Fed. R. Civ. P. 1; Fed. R. Civ. P. 42(a)(3).

To be clear, the court does not decide at this time whether these consolidated cases should also be consolidated with *Coleman*. The court finds only that coordination of counsel in pretrial proceedings is appropriate. Accordingly, the parties in these consolidated actions as well as the parties in *Coleman* are **ORDERED** to meet and confer regarding coordinating pretrial proceedings and are **DIRECTED** to submit a joint proposed scheduling order within **TWENTY-ONE (21) DAYS** of the issuance of this order.

## IV.   CONCLUSION

For the foregoing reasons, the Motion to Certify Claim for Interlocutory Appeal, Doc. 42, is **DENIED**. The Clerk of Court is **DIRECTED** to **ADMINISTRATIVELY TERMINATE** the motion filed in *Thomas*. *See Thomas* Doc. 89. The parties in these consolidated actions as well as the parties in *Coleman* are **ORDERED** to meet and confer regarding coordinating pretrial proceedings and are **DIRECTED** to submit a joint proposed scheduling order within **TWENTY-ONE (21) DAYS** of the issuance of this order.

**DONE** and **ORDERED** this 21st day of July, 2023.

_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE